# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

NADINE DANIELS,

       Plaintiff(s),

v.

FRED OLIVIERI CONSTRUCTION, INC., et al.,

       Defendant(s).

2:12-CV-2214 JCM (NJK)

**ORDER**

Presently before the court is defendant/third party plaintiff's, Old Navy LLC ("Old Navy") motion for entry of clerk's default judgment. (Doc. # 9).

Also before the court is defendant/third party plaintiff's, Old Navy LLC, motion for entry of clerk's default judgment. (Doc. # 10).

Defendant/third party plaintiff Old Navy removed this negligence action to this court. Upon removal, Old Navy provided a copy of plaintiff's complaint in state court. At some point, Old Navy filed a cross complaint against third party defendants.[1] Old Navy is now seeking default judgment against two defendants: Mr. O's Custom Millwork and Store Fixtures, Inc; and, Fred Olivieri Construction Company.

---

[1] Defendant/third party plaintiff Old Navy has not filed its cross complaint with the court. The document is attached, however, as an exhibit to one of its motions for entry of clerk's default. (*See* doc. # 9, Ex. B).

**James C. Mahan**
**U.S. District Judge**

From reviewing the record in this action, it does not appear that this court has subject matter jurisdiction over this case. Defendant/third party plaintiff Old Navy removed to this court under diversity jurisdiction pursuant to 28 U.S.C. §§ 1332(a) and 1441(a). From the review of the petition of removal and statements regarding removal, there is doubt that the amount in controversy amount has been satisfied. Plaintiff's identified medical expenses total approximately $37,839; therefore, defendants have not satisfied the threshold $75,000 amount in controversy. *See generally Xiao-Mei Jin v. Ben Bridge-Jeweler, Inc.*, 2009 WL 981600 (E.D. Cal. April 9, 2009); Fed. R. Civ. P. 12(h)(3).

In the petition for removal (doc. # 1), Old Navy states that it was served with a request for exemption from arbitration. This exemption from arbitration states only that the probable jury verdict value is in excess of $50,000. Further, the sum of documented damages totals less than $38,000.

Therefore, defendant Old Navy is ordered to show cause and file a motion why this court should not remand this action back to state court. Old Navy has fourteen days from the this order to file supplemental documentation showing cause why court has jurisdiction over this action.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Old Navy shall file supplemental documentation showing cause why this court has jurisdiction over the instant action within fourteen days of the entry of this order.

DATED April 10, 2013.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**